974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronnie Wayne WILLIAMS, Defendant-Appellant.
 No. 91-5901.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1992
Decided: August 28, 1992
 
 C. Wayne Heasley, Charlotte, North Carolina, for Appellant.
 William A. Brafford, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronnie Wayne Williams appeals from his convictions for armed bank robbery and carrying a firearm during a crime of violence. He asserts that the evidence presented was not sufficient for conviction. We have previously granted Williams' motion to decide this appeal without oral argument.
 
 
 2
 The prosecution produced evidence that a federally insured credit union was robbed by a man who put on a toboggan cap or mask shortly before he drew a small silver pistol and demanded money. A teller at the bank testified that she saw the robber without the mask over his head for about two to five seconds at a distance of six or seven feet. The credit union's manager testified that he saw the robber only while wearing the mask, but because of the size of the openings in the mask he was able to see "from his temples all the way across and most of his forehead and down to just about the bottom of his nose," at a distance of a few feet.
 
 
 3
 On two occasions, the manager and the teller separately picked Williams out of a photo spread as the man who committed the robbery. They also separately viewed a physical lineup and again picked out Williams as the robber. During the lineup, the teller identified Williams' voice as that of the robber. Both the teller and the manager identified Williams at trial.
 
 
 4
 The getaway car was identified at trial as similar to one owned by Johnny Welch, a deceased friend of Williams. The prosecution theorizes that Welch waited in the car while Williams robbed the credit union. The Defendant's sister, Johnnie Renee Williams, called as an adverse witness by the government, testified that Williams left her apartment with Welch in Welsh's car on the afternoon of the robbery. The bank could be reached in eight minutes by car from the apartment. She stated that she saw Welch the next day with a small silver pistol.
 
 
 5
 The standard of review on a claim of insufficient evidence is whether there is substantial evidence, viewed in a light most favorable to the prosecution, from which a rational jury could find beyond a reasonable doubt that the accused committed the essential elements of the crime. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984). Williams bases his claim of insufficient evidence on the alleged "highly questionable eyewitness identifications" of him. We find the eyewitness identifications, corroborated as they were by the testimony about the getaway vehicle and silver pistol, were sufficient to convict Williams. See United States v. Levi, 405 F.2d 380 (4th Cir. 1968). The judgment of the district court is therefore
 
 
 6
 AFFIRMED.